## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA MARSHALL,                                    ) | |
| )                                                  | |
| Plaintiff,                     ) | Case No. _____ |
| )                                                  | |
| v.                             ) | JURY TRIAL DEMANDED |
| )                                                  | |
| LORAL SPACE & COMMUNICATIONS          ) | |
| INC., MARK H. RACHESKY, MICHAEL B.    ) | |
| TARGOFF, JOHN D. HARKEY, JR.,         ) | |
| ARTHUR L. SIMON, JOHN P. STENBIT,     ) | |
| JANET T. YEUNG, TELESAT CANADA,       ) | |
| TELESAT CORPORATION, TELESAT          ) | |
| PARTNERSHIP LP, TELESAT CANHOLD       ) | |
| CORPORATION, PUBLIC SECTOR            ) | |
| PENSION INVESTMENT BOARD, and         ) | |
| RED ISLE PRIVATE INVESTMENTS INC.,    ) | |
| )                                                  | |
| Defendants.                    ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      On November 23, 2020, Loral Space & Communications Inc.'s ("Loral" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an a transaction agreement and plan of merger (the "Merger Agreement") with Telesat Canada ("Telesat"), Telesat Partnership LP ("Telesat Partnership"), Telesat Corporation ("New Telesat"), Telesat CanHold Corporation ("Telesat CanHoldco"), Lion Combination Sub Corporation ("Merger Sub"), Public Sector Pension Investment Board ("PSP Investments"), and Red Isle Private Investments Inc. ("Red Isle").

2.      Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Loral, with Loral surviving as a wholly-owned subsidiary of Telesat Partnership; and (ii) each share of Loral common stock will be converted on a one-for-one basis, at the election of the shareholder, into units of Telesat Partnership or common shares of New Telesat (the "Proposed Transaction").

3.      On April 26, 2021, defendants filed a Form F-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Loral common stock.

9.      Defendant Loral is a Delaware corporation and maintains its principal executive offices at 600 Fifth Avenue, New York, New York 10020.  Loral's common stock is traded on the NASDAQ under the ticker symbol "LORL."

10.     Defendant Mark H. Rachesky is Chairman of the Board of the Company.

11.     Defendant Michael B. Targoff is Vice Chairman of the Board of the Company.

12.     Defendant John D. Harkey, Jr. is a director of the Company.

13.     Defendant Arthur L. Simon is a director of the Company.

14.     Defendant John P. Stenbit is a director of the Company.

15.     Defendant Janet T. Yeung is a director of the Company.

16.     The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17.     Defendant Telesat is a Canadian corporation and a party to the Merger Agreement.

18.     Defendant Telesat Partnership is a limited Partnership formed under the laws of Ontario, Canada, and a party to the Merger Agreement.

19.     Defendant New Telesat is a newly-formed corporation incorporated under the laws of the Province of British Columbia, Canada, the sole general partner of Telesat Partnership, and a party to the Merger Agreement.

20.     Defendant Telesat CanHoldco is a corporation incorporated under the laws of British Columbia, Canada, a wholly-owned subsidiary of Telesat Partnership, and a party to the Merger Agreement.

3

21.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Loral, and a party to the Merger Agreement.

22.     Defendant PSP Investments is a Canadian corporation and party to the Merger Agreement.

23.     Defendant Red Isle is a Canadian corporation, a wholly-owned subsidiary of PSP Investments, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

24.     Loral is a satellite communications company.

25.     The Company holds a 62.7% economic interest Telesat, a global operator of telecommunications and direct broadcast satellites used to distribute video entertainment programming and broadband data and to provide access to Internet services and other value-added communications services.

26.     The Company is also developing a global constellation of low earth orbit satellites.

27.     On November 23, 2020, Loral's Board caused the Company to enter into the Merger Agreement.

28.     Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Loral, with Loral surviving as a wholly-owned subsidiary of Telesat Partnership; and (ii) each share of Loral common stock will be converted on a one-for-one basis, at the election of the shareholder, into units of Telesat Partnership or common shares of New Telesat.

29.     According to the press release announcing the Proposed Transaction:

Loral Space & Communications Inc. (NASDAQ:LORL) today announced that it has entered into a definitive agreement with Public Sector Pension Investment

4

Board (PSP Investments) and Telesat Canada (Telesat) to combine Loral and Telesat into a new Canadian public company (New Telesat). Upon closing of the transaction, the stockholders in Loral, together with PSP Investments and certain current and former management shareholders of Telesat, will beneficially own all of the equity in New Telesat in approximately the same proportion as their current, indirect ownership in Telesat. Loral stockholders not affiliated with the funds managed by MHR Fund Management LLC (MHR Funds) will beneficially own 26.1% of the economic interests in New Telesat, with the MHR Funds, PSP Investments and management shareholders of Telesat beneficially owning the remaining 36.6%, 36.7% and 0.7%, respectively, of the economic interests in New Telesat (such percentages have been subjected to rounding adjustments). New Telesat shares will initially be listed on the Nasdaq Global Select Market, and New Telesat is also considering a listing for its shares on a Canadian stock exchange. New Telesat's governance provisions will contain special features designed to maintain majority Canadian board and voting control.

In addition, Loral announced that its Board of Directors has declared a special dividend of $1.50 per share for an aggregate dividend of approximately $46.4 million. The dividend is payable on December 17, 2020 to holders of record of Loral voting and non-voting common stock as of the close of business on December 4, 2020. . . .

The definitive agreement provides for Loral stockholders to receive, at their election and subject to the terms and conditions of the definitive agreement, shares of New Telesat or limited partnership units of a Canadian partnership (Telesat Partnership), which limited partnership units will be exchangeable by the holder for shares of New Telesat. New Telesat will be the controlling general partner of Telesat Partnership. While the exchange of Loral stock for shares of New Telesat is anticipated to be taxable to U.S. stockholders to the extent of any gain, it is anticipated that Loral U.S. stockholders that elect to receive limited partnership units of Telesat Partnership in lieu of receiving shares of New Telesat will do so on a tax deferred basis. The limited partnership units of Telesat Partnership, while not transferable, will otherwise have substantially the same economic and voting rights as the shares of New Telesat. Loral stockholders who elect to receive limited partnership units of Telesat Partnership will, however, like all other holders of limited partnership units of Telesat Partnership, be required to hold their units for at least six months following closing of the transaction before they may exchange their limited partnership units of Telesat Partnership for shares of New Telesat. The exchange of limited partnership units of Telesat Partnership for shares of New Telesat is anticipated to be a taxable transaction to U.S. stockholders.

The definitive agreement also provides for PSP Investments to exchange substantially all of its interests in Telesat for limited partnership units of Telesat Partnership, with the balance of its interests in Telesat being exchanged for shares in New Telesat. Other holders of Telesat shares and derivatives have the option to exchange their equity or retain their direct interests in Telesat (the beneficial

ownership percentages referred to in this press release assume that management shareholders will exchange their interests in Telesat for shares of New Telesat).

Loral and Telesat will also make certain cash payments to PSP Investments in connection with the transaction, including a payment of $7 million and a payment to adjust for the value of Loral's non-Telesat assets and liabilities at the time of the closing of the transaction.

The transaction, which is subject to customary closing conditions, including approval by Loral stockholders (as further described below) and certain regulatory approvals, is expected to close in the second or third quarter of 2021. As of November 23, 2020, there were outstanding 21,427,078 shares of Loral voting common stock, 9,505,673 shares of Loral non-voting common stock and 92,857 Loral restricted stock units. . . .

An independent special committee of the Loral Board (the Special Committee) and the Loral Board received a fairness opinion from Loral's financial advisor, LionTree Advisors LLC (LionTree). The Special Committee and the Loral Board each approved the transaction and determined it to be fair to the Loral stockholders not affiliated with the MHR Funds. The definitive transaction agreement was also approved by the Board of Directors of each of PSP Investments and Telesat.

In connection with the transaction, LionTree and Credit Suisse Securities (USA) LLC acted as financial advisors, Willkie Farr & Gallagher LLP acted as legal counsel, McCarthy Tétrault LLP acted as Canadian legal counsel, and DLA Piper LLP acted as U.S. tax counsel, to Loral. Cleary Gottlieb Steen & Hamilton LLP acted as legal counsel, and Goodmans LLP acted as Canadian legal counsel, to the Special Committee.

### *The Registration Statement Omits Material Information*

30.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

31.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

32.     First, the Registration Statement omits the Company's and Telesat Partnership's financial projections other than "Forecasted 12-Month Cash Spending" for the Company and expenses for Telesat Partnership.

33.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

34.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, LionTree Advisors LLC ("LionTree").

35.     With respect to LionTree's Net Value Impact to Loral Stockholders analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates used in the analysis; and (ii) the inputs and assumptions underlying the eight "economic value impacts of the [Proposed] Transaction."

36.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37.     Third, the Registration Statement fails to disclose the terms of the Company's additional financial advisor Credit Suisse Securities (USA) LLC's engagement, including: (i) the amount of compensation the financial advisor has received or will receive in connection with its engagement; (ii) the amount of the financial advisor's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether the financial advisor has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by the financial advisor for providing such services.

38.     Fourth, the Registration Statement fails to accurately disclose the expected ownership structure in the post-transaction company.

39.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

40.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Loral**

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Loral is liable as the issuer of these statements.

43.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

44.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

45.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

46.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

47.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

48.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants, Telesat, Telesat Partnership, New Telesat, Telesat CanHoldco, Merger Sub, PSP Investments, and Red Isle**

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     The Individual Defendants, Telesat, Telesat Partnership, New Telesat, Telesat CanHoldco, Merger Sub, PSP Investments, and Red Isle acted as controlling persons of Loral within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Loral and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51.     Each of the Individual Defendants, Telesat, Telesat Partnership, New Telesat, Telesat CanHoldco, Merger Sub, PSP Investments, and Red Isle was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior

9

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly involved in the making of the Registration Statement.

53.     Telesat, Telesat Partnership, New Telesat, Telesat CanHoldco, Merger Sub, PSP Investments, and Red Isle also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

54.     By virtue of the foregoing, the Individual Defendants, Tempest, and Merger Sub violated Section 20(a) of the 1934 Act.

55.     As set forth above, the Individual Defendants, Telesat, Telesat Partnership, New Telesat, Telesat CanHoldco, Merger Sub, PSP Investments, and Red Isle had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 7, 2021                              **RIGRODSKY LAW, P.A.**

                                          By:   */s/ Gina M. Serra*
                                                Seth D. Rigrodsky
                                                Timothy J. MacFall
                                                Gina M. Serra
                                                Vincent A. Licata
                                                825 East Gate Boulevard, Suite 300
                                                Garden City, NY 11530
                                                Telephone: (516) 683-3516
                                                Email: sdr@rl-legal.com
                                                Email: tjm@rl-legal.com
                                                Email: gms@rl-legal.com
                                                Email: vl@rl-legal.com

                                                *Attorneys for Plaintiff*